IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| *In re*: | * | |
| LOGOS, INC., | * | Case No. 22-12491 DER |
| Debtor. | * | (Chapter 11, Subchapter V) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEBTOR'S RESPONSE IN OPPOSITION TO
LIMITED OBJECTION OF SANDY SPRING BANK TO
MOTION FOR ENTRY OF ORDER (A) APPROVING AN AUCTION SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS OUTSIDE THE ORDINARY
COURSE OF BUSINESS, (B) APPROVING SALE PROCEDURES RELATED TO THE
SALE OF ASSETS AND UNEXPIRED GROUND RENT LEASES IN CERTAIN REAL
AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND OTHER INTERESTS, (C) APPROVING FORM OF
AUCTION PURCHASE, AND (D) GRANTING RELATED RELIEF (Doc. 57)**

Logos, Inc., Debtor, by Robert B. Scarlett and Scarlett & Croll, P.A., its attorneys, files this response in opposition to the limited objection of Sandy Spring Bank, Creditor, to the motion for entry of order (a) approving an auction sale of substantially all of the Debtor's assets outside the ordinary course of business, (b) approving sale procedures related to the sale of assets and unexpired ground rent leases in certain real and personal property free and clear of liens, claims, encumbrances, and other interests, (c) approving form of auction purchase, and (d) granting related relief, and respectfully states:

**Facts**

1. On May 9, 2022, Debtor initiated this case with the filing of a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code.

2. Debtor is managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On June 28, 2022, Debtor filed a motion for approval of a public auction sale of substantially all its assets free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363.

4. On July 8, 2022, Sandy Spring Bank filed an objection.

## Argument

**The bank's objection ignores conditions set forth in 11 U.S.C. § 363 for sales free and clear of liens and encumbrances.**

Debtor seeks approval of a proposed public auction sale of substantially all its assets free and clear of liens and encumbrances. A public auction is defined as a public sale of property to the highest bidder by one licensed and authorized to do so and the goal is to obtain the best financial return for the seller by free and fair competition among bidders. *Pitchfork Ranch Co. v. Bar TL*, 615 P.2d 541, 547 (Wyo. 1980). It is well established that an auction is an acceptable method to sell assets to pay creditors in a bankruptcy proceeding. The bank does not object to the sale of Debtor's assets by public auction but objects to the sale free and clear of its lien unless the claim is paid in full. That objection ignores the fact that the Bankruptcy Code contemplates various scenarios in which a bankruptcy debtor's assets may be sold free and clear of liens and encumbrances.

Section 363(f) enumerates five conditions for allowing a sale free and clear of interests:

> "(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or

2

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." *In re Lady H Coal Co.*, 199 B.R. 595, 604 (Bankr. S.D. W. Va. 1996).

A debtor need only satisfy one of those conditions. *In re Collins*, 180 B.R. 447, 450 (Bankr. E.D. Va. 1995) ("The 'or' that precedes subsection (f)(5) indicates that the five conditions are phrased in the disjunctive, meaning that property may be sold free of an interest if that interest falls into only one of the five conditions."). Although it is premature to seek approval under any of these conditions, more than one remain viable pending the outcome of an auction.

**A.     A sale free and clear of interests is allowable if applicable nonbankruptcy law permits sale of such property free and clear of such interest.**

Debtor does not anticipate that this condition will be satisfied.

**B.     A sale free and clear of interests is allowable if such entity consents.**

The bank focuses only on subsection 363(f)(2). The bank has not, however, ruled out this possibility. Rather, it states that it will not consent "unless it's [*sic*] claim is paid in full as a result of, or in connection with, such sale." It is thus premature to approve or deny Debtor's motion

.

**C.     A sale free and clear of interests is allowable if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property.**

The bank ignores this possibility by asserting that payment in full is the only option. In essence, it is taking the position that the "value" of a lien is equivalent to the amount of the underlying debt. However, subsection 363(f)(3) must be construed in the context of the Bankruptcy

3

Code as a whole. *See, e.g., Collins, supra*, 180 B.R. at 450 ("The Supreme Court has ruled that value in § 506(a) means the same as 'value' under other provisions of the Code, specifically §§ 361(1) and (2) which address adequate protection.") (referencing *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 367, 108 S. Ct. 626, 628, 98 L.Ed.2d 740, 746 (1988)). Subsection 506(a) states:

> an allowed claim of a creditor secured by a lien on property in which the estate has an interest,…is a secured claim to the extent of the value of such secured creditor's interest in the estate's interest in such property,…and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim.

11 U.S.C. 506(a). The word "value" in subsection 506(a) has been construed to mean "actual value as determined by the Court, rather than the face amount of the lien." Inasmuch as subsection 363(e) makes adequate protection an integral element of any proposed sale under § 363(f), it is logical to apply that definition to subsection 363(f)(3*). In re Terrace Gardens Park P'ship*, 96 B.R. 707, 712 (Bankr. W.D. Tex. 1989). Accordingly, the word "value" in subsection 363(f)(3) means the actual value as determined by the court.

Here, the total value of the assets is $500,000. Accordingly, a sale in the forecasted sale price range of $500,000 and $850,000 (based on potential offers received) would satisfy 363(f)(3).

**D.  A sale free and clear of interests is allowable if such interest is in bona fide dispute.**

Debtor does not anticipate that this condition will be satisfied.

**E.  A sale free and clear of interests is allowable if such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.**

4

Debtor does not anticipate that this condition will be satisfied.

## Conclusion

This is a two-step process where after the conclusion of the auction and determination of the highest and best bidder, Debtor intends to seek the entry of an order (the "Sale Order") at which time the Debtor will provide adequate and reasonable notice of the opportunity to object to the sale to all interested parties.

WHEREFORE, the Debtor prays that this Court:

a. Deny Sandy Spring Bank's Objection;

b. Grant the Debtor's Motion to Sell Free and Clear of Liens; and

c. Grant such other and further relief as deemed just by this Court.

Respectfully submitted,

/s/ Robert B. Scarlett
Robert B. Scarlett
CPF No. 8212010419

SCARLETT & CROLL, P.A.
201 N. Charles St., Ste. 600
Baltimore, MD  21201
rscarlett@scarlettcroll.com
(410) 468-3100
(410) 332-4026 (fax)

*Attorneys for Debtor*

<u>**Certificate of Service**</u>

**I HEREBY CERTIFY** that on this 12th day of July, 2022, I caused a copy of the foregoing to be mailed by first class mail or electronically delivered pursuant to CM/ECF:

**Electronic Mail Notice List** - Parties in the case only

- **Joshua D. Bradley**   jbradley@rosenbergmartin.com, smdenson@rosenbergmartin.com
- **Harris Eisenstein**   heisenstein@rosenbergmartin.com, tmckinley@rosenbergmartin.com
- **Lawrence A. Katz**   lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com
- **Katherine A. (UST) Levin**   Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov
- **Robert B. Scarlett**   RScarlett@ScarlettCroll.com, krynarzewski@scarlettcroll.com;scarlettrr64434@notify.bestcase.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV

**Manual Notice List**

Sysco Baltimore, LLC
Atten: Jill Marshall, Credit Manager
Email: jill.marshall@sysco.com

Paul Weinblatt (paul@weinblattassociates.com)

Paul Cooper (paul@alexcooper.com)

/s/Robert B. Scarlett
Robert B. Scarlett