Entered: July 21st, 2022
Signed: July 21st, 2022

**SO ORDERED**



**DAVID E. RICE**
**U. S. BANKRUPTCY JUDGE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | Case No. 22-12491-DER |
| **LOGOS INC.,** | (Chapter 11 – Subchapter V) |
| Debtor. | |

**CONSENT ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF
ORDER (A) APPROVING AN AUCTION SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE
OF BUSINESS, (B) APPROVING SALE PROCEDURES RELATED TO
THE SALE OF ASSETS AND UNEXPIRED GROUND RENT LEASE IN
CERTAIN REAL AND PERSONAL PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND
(C) APPROVING FORM OF AUCTION PURCHASE, AND
<u>(D) GRANTING RELATED RELIEF</u>**

Upon the motion (the "Sale Procedures Motion") of Logos, Inc. the debtor and

debtor in possession (the "Debtor") for entry of an Order (A) Approving an Auction Sale of

Substantially All of the Debtor's Assets Outside the Ordinary Course of Business, (B) Approving

Sale Procedures Related to the Sale of Assets and Unexpired Ground Rent Lease in Certain Real

and Personal Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and

(C) Approving Form of Auction Purchase, and (D) Granting Related Relief; and it appearing that

the Court has jurisdiction over the Sale Procedures Motion pursuant to 28 U.S.C. §§ 157

and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the

Court having considered the Sale Procedures Motion; and it appearing that the relief requested in

the Sale Procedures Motion, as modified by this Order, is in the best interests of the Debtor's

{00248959.DOCX.3}

bankruptcy estate, its creditors and other parties in interest; and Sandy Spring Bank and Hill Management Services, Inc. ("Hill Management") having consented to the relief granted herein, as evidenced by the endorsements of their counsel, and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.    Notice of the Sale Procedures Motion was adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of 11 U.S.C. §§ 105, 363, and 365 and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure, and any other applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

B.    The sale procedures, substantially in the form described in the Sale Procedures Motion, as further amended by this Order, are reasonable and appropriate under the circumstances of this chapter 11 case.

C.    The limited objections filed by Sandy Spring Bank, Hill Management, and Lawrence A. Katz, the subchapter V trustee (the "Trustee") have been withdrawn; and any other objections to the relief requested in the Sale Procedures Motion that have not been withdrawn, waived or settled as announced to the Court at the final hearing on the Sale Procedures Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.  For the avoidance of doubt, and without limitation, any objections: (1) to the sale of the Debtor's assets free and clear of liens, claims, encumbrances, and other interests; and/or (2) to the assumption and assignment of executory contracts and unexpired leases are specifically preserved and shall be dealt with in a manner set forth herein.

D.    The sale notice, substantially in the form attached hereto as Attachment A (the "Sale Notice"), and the cure notice, substantially in the form attached hereto as Attachment B (the "Cure Notice"), each provide adequate notice concerning the proposed sale of the assets being sold and the proposed assumption and assignment of the executory contracts and unexpired leases, as applicable, and are intended to provide due and adequate notice of the sale.

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Sale Procedures Motion is GRANTED as specifically set forth herein.

2.      The Sale Procedures attached hereto as Attachment C (the "Sale Procedures") are incorporated herein by reference.  The Debtor is authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

3.      The proposed sale of the assets, the proposed assumption and assignment of the executory contracts and unexpired leases, the Auction (as defined below) and the Sale Hearing shall be conducted in accordance with the provisions of this Order.

4.      Within three (3) business days following entry of this Order, the Debtor shall serve the Sale Notice by first class mail or email on:

(a)      The Office of the United States Trustee;

(b)      The Trustee;

(c)      All of the Debtor's creditors;

(d)      All entities known to have expressed an interest in acquiring the Assets;

(e)      Federal, state and local taxing authorities with jurisdiction over the Debtor's business;

(f)      All equity security holders of the Debtor;

(g)      Counterparties to the Debtor's executory contracts and unexpired leases; and

(h)      All other parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 9010(b) as of the date of entry of the Procedures Order.

5.      With respect to every unexpired lease or executory contract to be assumed and assigned by the Debtor (the "Assigned Contracts"), the Debtor shall (i) send by first class mail or email the Cure Notice upon each non-debtor counterparty ("Counterparty") and their counsel of record, if any, and (ii) file a certificate of such service with this Court.

6.      Counterparties must file and serve on the Notice Parties (defined below) any objection to the assumption and assignment of an Assigned Contract, including objections to any proposed Cure Amounts, by no later than August 15, 2022 (the "Cure Objection Deadline"). Any such objection shall identify a specific monetary amount that differs from the Cure Amount (if any) specified by the Debtor in the Cure Notice or, alternatively, identify a specific monetary amount and state why the counterparty contends any Cure Amount is owing.  The Debtor and any Counterparty objecting to the proposed Cure Amount shall attempt to resolve such objection and may present any such resolution to the Court at or prior to the Sale Hearing.  If all or part of such objection remains unresolved at the Sale Hearing, the Court shall consider and adjudicate any such unresolved objection at the Sale Hearing.  Any Counterparty failing to file and serve an objection to the Cure Amounts set forth in the Cure Notices on or before the Cure Objection Deadline shall be forever barred from objecting to such Cure Amounts.

7.      The Debtor, in consultation with each Counterparty,  shall require from each Qualified Bidder information respecting such Qualified Bidder's adequate assurance of future performance under Bankruptcy Code §§ 365(b)(1)(C), (b)(3) and 365(f)(2) ("Adequate Assurance Information") and deliver such Adequate Assurance Information to the applicable Counterparty by no later than one (1) business day following the Qualification Deadline.  Any objection by a Counterparty relating to whether adequate assurance of future performance has been provided by a Successful Bidder or Backup Bidder shall be filed and served on the Notice Parties and the Successful Bidder and Backup Bidder, respectively, within a reasonable time and by no means later than the Cure Objection Deadline.  The Debtor, the Successful Bidder, the Backup Bidder and the Counterparty shall attempt to resolve any such objection and may present any such resolution to the Court at or prior to the Sale Hearing.  If all or part of such objection remains unresolved at the Sale Hearing, the Court shall consider and adjudicate any such unresolved objection at the Sale Hearing.  Any Counterparty failing to file and serve an objection relating to whether adequate assurance of future performance has been provided by a Successful Bidder or Backup Bidder on or before the Cure Objection Deadline shall be forever barred from

objecting to whether adequate assurance of future performance has been provided, including its sufficiency, with respect to its executory contract or unexpired lease.

8.      Notwithstanding anything to the contrary contained herein, no Assigned Contract will be assumed and assigned unless and until the occurrence of the Closing Date unless this Court orders otherwise.  The Debtor may, at any time prior to the Sale Hearing, withdraw any Assigned Contract and, instead, pursue or permit rejection of such unexpired lease or executory contract.

9.      Sandy Spring Bank has specifically preserved its right to object to the proposed sale of the Assets (as defined in the Sale Procedures) free and clear of Interests (also as defined in the Sale Procedures) pursuant to Bankruptcy Code § 365(f) or otherwise and nothing herein, or in the Sale Procedures, shall be interpreted or construed as authorization to sell the Assets free and clear of Interests.

10.      Any other objections to the relief requested at the Sale Hearing or to the proposed form of order approving the sale, including, without limitation, any objection specifically relating to the Auction, to whether the sale of the Assets is free and clear of Interests pursuant to Bankruptcy Code § 365(f), the determination with respect to whether any entity was or was not a Qualified Bidder, or the designation of any entity as the Successful Bidder or the Backup Bidder at the conclusion of the Auction, shall be in writing, shall state the basis of such objection with specificity, and shall be filed with the Court and served on the following (collectively, the "Notice Parties") on or before 5:00 p.m. (prevailing Eastern time) on August 15, 2022 (two days prior to the Sale Hearing): (i) counsel for the Debtor, Scarlett & Croll, P.A., 201 N. Charles Street, Suite 600, Baltimore, Maryland  21201, Attention: Robert Scarlett, Esquire; (ii) Lawrence A. Katz, the Trustee, Hirschler Fleischer, P.C., 8250 Greensboro Drive, Suite 700, Tysons, Virginia  22102; (iii) the Office of the United States Trustee, 101 West Lombard Street, Baltimore, Maryland  21201, Attention: Katherine Levin, Esquire; (iv) counsel for the Successful Bidder; (v) counsel for the Backup Bidder, if any; and/or (vi) the Successful Bidder and the Backup Bidder, if any, if either of them are unrepresented by counsel.

11.     Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtor's proposed sale of the Assets, the contemplated assumption and assignment of the Assigned Contracts and proposed final Cure Amounts, and no additional notice of such contemplated transactions need be given.

12.     An auction (the "Auction") will be held on August 10, 2022, at 10:00 a.m. (prevailing Eastern Time), broadcasted online from the offices of Alex Cooper Auctioneers, or at any such other location as the Debtor may hereafter designate, and shall continue until all bidding has been completed.

13.     The Debtor and Alex Cooper Auctioneers are authorized to hold and conduct the Auction in accordance with the procedures set forth in this Order.

14.     The hearing regarding the approval of the sale, including acceptance of the Successful Bid(s) and Backup Bid(s), a determination of whether the sale of the Assets is free and clear of Interests pursuant to Bankruptcy Code § 365(f), and approval of the assumption and assignment of the Assigned Contracts, shall be held on August 17, 2022, at 2:00 p.m. (prevailing Eastern Time) (the "Sale Hearing") and may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.

15.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) and 7062 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

CONSENTED TO:

| | |
|---|---|
| /s/ Robert B. Scarlett<br>Robert Scarlett (Bar No. 01424)<br>Scarlett & Croll, P.A.<br>201 N. Charles Street, Suite 600<br>Baltimore, Maryland 21201<br>410-468-4026<br>RScarlett@ScarlettCroll.com | /s/ Lawrence A. Katz<br>Lawrence A. Katz (Bar No. 02526)<br>Hirschler Fleischer<br>8270 Greensboro Drive, Ste. 700<br>Tysons, Virginia 22102<br>703-584-8901<br>LKatz@hirschlerlaw.com |

| Attorney for Debtor | Subchapter V Trustee |
|---|---|
| /s/ Joshua D. Bradley<br>Joshua D. Bradley (Bar No. 28821)<br>Rosenberg Martin Greenberg, LLP<br>25 S. Charles Street<br>Baltimore, Maryland 21201<br>410-727-6600<br>JBradley@RosenbergMartin.com | /s/ Jeffrey S. Greenberg<br>Jeffrey S. Greenberg (Bar No. 29088)<br>Rosenberg Martin Greenberg, LLP<br>25 S. Charles Street<br>Baltimore, Maryland 21201<br>410-727-6600<br>JGreenberg@RosenbergMartin.com |
| Attorney for Sandy Spring Bank | Attorney for Hill Management Services, Inc. |

## <u>CERTIFICATION OF CONSENT</u>

I certify that the terms of the copy of the proposed consent order submitted to the Court are identical to those set forth in the original, and that the signatures represented by the /s/ on this copy reference the signatures of the consenting parties on the original.

*/s/ Robert B. Scarlett*
Robert B. Scarlett

cc:     Robert B. Scarlett, Esquire
        Scarlett & Croll, P.A.
        201 N. Charles Street, Suite 600
        Baltimore, Maryland  21201

        Attached Service List

## **END OF ORDER**

{00248959.DOCX.3}

**Electronic Mail Notice List** - Parties in the case only

- **Joshua D. Bradley**    jbradley@rosenbergmartin.com, smdenson@rosenbergmartin.com
- **Harris Eisenstein**    heisenstein@rosenbergmartin.com, tmckinley@rosenbergmartin.com
- **Lawrence A. Katz**    lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com
- **Katherine A. (UST) Levin**    Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov
- **Robert B. Scarlett**    RScarlett@ScarlettCroll.com, krynarzewski@scarlettcroll.com;scarlettrr64434@notify.bestcase.com
- **US Trustee - Baltimore**    USTPRegion04.BA.ECF@USDOJ.GOV

**<u>ATTACHMENT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>**LOGOS INC.,**<br><br>Debtor. | Case No. 22-12491-DER<br><br>(Chapter 11 – Subchapter V) |

**NOTICE OF HEARING AUTHORIZING SALE OF SUBSTANTIALLY ALL OF
THE DEBTOR'S ASSETS OUTSIDE ORDINARY COURSE OF BUSINESS
(II) AUTHORIZING SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS, (III) AUTHORIZING
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

NOTICE IS HEREBY GIVEN that Logos, Inc., the debtor and debtor in possession herein (the "Debtor"), has filed a motion seeking authority to (a) sell substantially all of its assets comprised of the following (i) its systems and processes to manage its restaurant business, work in progress, and furniture, fixtures, and equipment used in its business operations, and (ii) all other tangible and intangible assets associated with the Debtor's business operations, other than cash, accounts receivable, and inventory (including food, liquor, beer and wine); and (b) assume and assign certain executory contracts and unexpired leases (the "Assigned Contracts"), subject to Bankruptcy Court approval, pursuant to the Debtor's Motion for Entry of Order (A) Approving an Auction Sale of Substantially All of the Debtor's Assets Outside the Ordinary Course of Business, (B) Approving Sale Procedures Related to the Sale of Assets and Unexpired Ground Rent Lease in Certain Real and Personal Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (C) Approving Form of Auction Purchase, and (D) Granting Related Relief ("Original Sale Motion") [Docket No. 52] as the Sale Motion has been modified by that certain Consent Order Granting Debtor's Motion for Entry of Order (A) Approving an Auction Sale of Substantially All of the Debtor's Assets Outside the Ordinary Course of Business, (B) Approving Sale Procedures Related to the Sale of Assets and Unexpired Ground Rent Lease in Certain Real and Personal Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (C) Approving Form of Auction Purchase, and (D) Granting Related Relief ("Consent Order").  The Original Sale Motion and the relief requested therein, as modified by the Consent Order, shall be referred to herein as the "Sale Motion."

The Sale Motion requests that the Assets be sold free and clear of all liens, claims, encumbrances, and interests thereon, with such interests in the Assets to be transferred, and attach, to the net sale proceeds.  Further, the Sale Motion seeks to assume and assign certain Assigned Contracts.

The Sale Procedures, approved by the Court, provide for the following key dates in connection with the sale of the Assets:

{00248959.DOCX.3}

| EVENT | DATE |
|---|---|
| Qualification Deadline | August 5, 2022 |
| Auction | Starting at 10:00 a.m. (ET) on August 10, 2022 |
| Objection to the Proposed Cure Amount or Assumption and Assignment of Assigned Contracts | August 15, 2022 |
| Sale Objection Deadline | August 15, 2022 |
| Sale Hearing | August 17, 2022  at 2:00 p.m. (ET) |

THESE DATES ARE SUBJECT TO CHANGE BY THE BANKRUPTCY COURT.  ALL PARTIES ARE ENCOURAGED TO FREQUENTLY CHECK THE BANKRUPTCY COURT DOCKET FOR CHANGES TO THESE DATES.

Copies of the Sale Motion are available for review at the clerk's office, U.S. Bankruptcy Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201 or upon request made to the undersigned counsel.

PLEASE TAKE FURTHER NOTICE THAT ANY PARTY IN INTEREST WHO WISHES TO OBJECT TO THE RELIEF REQUESTED IN THE SALE MOTION MUST FILE AN OBJECTION BY THE SALE OBJECTION DEADLINE SPECIFIED ABOVE. OBJECTIONS SHALL BE IN WRITING AND FILED WITH THE CLERK, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND, 101 WEST LOMBARD STREET, BALTIMORE, MARYLAND 21201.  A COPY OF THE OBJECTION MUST BE SERVED ON THE UNDERSIGNED COUNSEL AND ON THE PARTIES IDENTIFIED ON THE CERTIFICATE OF SERVICE OF THIS NOTICE BY THE DUE DATE SPECIFIED ABOVE.  ANY OBJECTION MUST CONTAIN A COMPLETE SPECIFICATION OF THE FACTUAL AND LEGAL GROUNDS UPON WHICH IT IS BASED.

PLEASE BE FURTHER ADVISED THAT THE RELIEF REQUESTED BY THE SALE MOTION MAY BE AUTHORIZED BY THE BANKRUPTCY COURT WITHOUT FURTHER ORDER OR NOTICE IF NO OBJECTIONS ARE FILED. HOWEVER, THE BANKRUPTCY COURT MAY CONDUCT A HEARING ON THE SALE MOTION OR DETERMINE THE MATTER WITHOUT A HEARING, IN ITS DISCRETION, REGARDLESS OF WHETHER ANY OBJECTIONS ARE FILED.  PARTIES IN INTEREST WITH QUESTIONS MAY CONTACT THE UNDERSIGNED COUNSEL.

A hearing on objections to the Sale Motion, if any, has been scheduled for August 17, 2022 at 2:00 p.m. (ET), by videoconference or teleconference.

Dated: July ___, 2022

_____
Robert B. Scarlett, Esquire
Scarlett & Croll, P.A.
201 N. Charles Street, Suite 600

Baltimore, Maryland  21201
(410) 468-3100
rscarlett@scarlettcroll.com

Counsel for Debtor

**<u>ATTACHMENT B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| *In re*: | * | |
| LOGOS, INC., | * | Case No. 22-12491 DER |
| Debtor. | * | (Chapter 11, Subchapter V) |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**CURE NOTICE TO DEBTOR'S LEASEHOLD
AND/OR EXECUTORY CONTRACT COUNTERPARTIES
PURSUANT TO THE CONSENT ORDER GRANTING DEBTOR'S MOTION FOR
ORDER (A) APPROVING AN AUCTION SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE
OF BUSINESS, (B) APPROVING SALE PROCEDURES RELATED TO
THE SALE OF ASSETS AND UNEXPIRED GROUND RENT LEASE IN
CERTAIN REAL AND PERSONAL PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND
(C) APPROVING FORM OF AUCTION PURCHASE, AND (D)
GRANTING RELATED RELIEF**

     **NOTICE IS HEREBY GIVEN**, to the undersigned leasehold and/or executory contract Counterparties ("Counterparties") that the Debtor has filed a Motion for entry of a Bankruptcy Court Order, (a) approving an auction sale of substantially all of the Debtor's assets outside the ordinary course of the Debtor's business, (b) approving the sale procedures related to the sale of assets and unexpired Ground Rent Leases in certain real and personal property free and clear of liens, claims, encumbrances and other interests, (c) approving form of auction purchase and (d) granting related relief (the "Order").

     The Counterparties are as follows:

| Name: | Cure Amount: |
|---|---|
| | |
| Hill Management Services, Inc. leasing agent for C&E Realty Company c/o Harris W. Eisenstein, Esquire Rosenberg Martin 25 S. Charles Street, 25th Floor Baltimore, Md. 21201 Eisenstein@rosenbergmartin.com<br><br>and<br><br>Hill Management Services, Inc. | Hill Management will update its cure amount at the appropriate time. |

{00248959.DOCX.3}

| | |
|---|---|
| 9640 Deerco Road<br>Lutherville, MD 21093 | |
| Ecolab<br>1 Ecolab Place<br>Saint Paul, MN 55102<br><br>Also send to:<br><br>PureForce, a division of<br>U.S. Foods<br>2880 Comly Road<br>Philadelphia, PA 19154 | This is a lease of a dishwasher which has been returned.  The Debtor list that no money is owed on the lease. |

Pursuant to the Order, Counterparties must file and serve on the Notice Parties (defined below) any objection to the assumption and assignment of an Assigned Contract, including objections to any proposed Cure Amounts, by no later than August 15, 2022 (the "Cure Objection Deadline").  Any such objection shall identify a specific monetary amount that differs from the Cure Amount (if any) specified by the Debtor in the Cure Notice or, alternatively, identify a specific monetary amount and state why the counterparty contends any Cure Amount is owing.

The Debtor and any Counterparty objecting to the proposed Cure Amount shall attempt to resolve such objection and may present any such resolution to the Court at or prior to the Sale Hearing.  If all or part of such objection remains unresolved at the Sale Hearing, the Court shall consider and adjudicate any such unresolved objection at the Sale Hearing.

Any Counterparty failing to file and serve an objection to the Cure Amounts set forth in the Cure Notices on or before the Cure Objection Deadline shall be forever barred from objecting to such Cure Amounts and from asserting any additional cure or other amounts against the Debtor or its estate with respect to its executory contract or unexpired lease.

The Notice Parties shall be (i) counsel for the Debtor, Scarlett & Croll, P.A., 201 N. Charles Street, Suite 600, Baltimore, Maryland  21201, Attention: Robert Scarlett, Esquire; (ii) Lawrence A. Katz, the Trustee, Hirschler Fleischer, P.C., 8250 Greensboro Drive, Suite 700, Tysons, Virginia  22102; (iii) the Office of the United States Trustee, 101 West Lombard Street, Baltimore, Maryland  21201, Attention: Katherine Levin, Esquire; (iv) counsel for the Successful Bidder; and (v) counsel for the Backup Bidder, if any.

All persons and entities receiving notice hereof will be bound by the decision of the Court with respect to the determination on the Debtor's Motion.

Dated: July _____, 2022

/s/ Robert B. Scarlett
Robert B. Scarlett
Federal Bar No. 01424
SCARLETT & CROLL, P.A.
201 N. Charles Street, Suite 600

Baltimore, Maryland 21201
(410) 468-3100
RScarlett@ScarlettCroll.com

*Attorneys for the Debtor*

**ATTACHMENT C**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>**LOGOS INC.,**<br><br>        Debtor. | Case No. 22-12491-DER<br><br>(Chapter 11 – Subchapter V) |

## SALE PROCEDURES

1.       These sale procedures (the "Sale Procedures") shall govern the process by which Logos, Inc., the debtor and debtor in possession herein (the "Debtor"), shall (a) sell substantially all of its assets comprised of (i) its systems and processes to manage its restaurant business, work in progress, and furniture, fixtures, and equipment used in its business operations, and (ii) all other tangible and intangible assets associated with the Debtor's business operations other than cash, accounts receivable, and inventory (including food, liquor, beer and wine); and (b) assume and assign its Assigned Contracts, as defined below.  The tangible and intangible assets to be sold, together with the Debtor's rights in the Assigned Contract to be assumed assigned, are referred to herein as the "Assets."

## THE DEBTOR'S PROFESSIONALS

2.       Interested parties requesting information about these Sale Procedures, the qualification process or due diligence should contact the Debtor's counsel or financial advisor (the "Professionals") as follows:

| | |
|---|---|
| Robert B. Scarlett, Esquire<br>Scarlett & Croll, P.A.<br>201 N. Charles Street, Suite 600<br>Baltimore, Maryland  21201<br><br>RScarlett@ScarlettCroll.com | <u>Auctioneer</u>:<br><br>Alex Cooper Auctioneers, Inc.<br>908 York Road<br>Towson, Maryland  21204<br>(410) 828-4838 |

{00248959.DOCX.3}

### THE ASSETS AND SALE TERMS

3.　　　The Debtor is a Maryland corporation founded in 2008 with its headquarters located in Baltimore County and its principal place of business in Harford County, Maryland.

4.　　　The Debtor owns and operates a restaurant in Bel Air, Maryland known as 510 Johnny's.  The Debtor has been in business for many years, but the COVID-19 pandemic substantially harmed the Debtor's dine-in business.  Throughout the pandemic, the Debtor's management and personnel have worked to continue operations and promote its business operations.

5.　　　The Debtor is the lessee of certain restaurant equipment (the "Equipment Leases") and is the current lessee under a ground lease dated March 1, 2005, as amended from time to time (the "Ground Lease"), with a term of approximately twenty-three (23) years remaining.  The Equipment Leases and the Ground Lease are referred to collectively as the "Assigned Contracts."  The Debtor intends to assume the Assigned Contracts and assign its rights thereunder as part of the sale of its Assets.

6.　　　These Sale Procedures will govern the sale of the Assets, including the assumption and assignment of the Assigned Contracts.

7.　　　The sale of the Assets shall be on an "as is," "where is," and "with all faults" basis and without representations or warranties of any kind, nature or description by the Debtor, its agents, or estate except to the extent set forth in the agreement.

8.　　　Subject to the Bankruptcy Court's approval and provided no objections are sustained, all of the Debtor's right, title and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "Interests") subject to and in accordance with 11 U.S.C. §§ 363 and 365 (the "Bankruptcy Code"), with such Interests to attach in the same amount, nature, extent and priority to the proceeds of the sale of the Assets.

## DUE DILIGENCE

9.      Prior to the Auction, the Debtor, with the assistance of its Professionals, will continue to maintain a due diligence website and coordinate all reasonable requests for additional due diligence with respect to the Assets from potential bidders.  To the extent the Debtor furnishes any such potential bidder with any due diligence materials that are not already available on the due diligence website, the Debtor or its financial advisor, at the Debtor's request shall promptly add such information to the website for the benefit of all such potential bidders. Subject to applicable law and any reasonable rules and guidelines established by the Debtor, the Debtor will afford to each such potential bidder access to information about the Assets for inspection purposes.

10.      The Debtor and its Professionals are not responsible for, and will bear no liability with respect to, any information obtained by potential bidders in connection with due diligence.

## QUALIFIED BIDDERS

11.      A "Qualified Bidder" is an individual or entity who registers with Alex Cooper Auctioneers and completes a Bidder Qualifications Form no later than August 5, 2022 (five (5) days prior to commencement of the Auction) (the "Qualification Deadline").

12.      All Qualified Bidders must satisfy the following requirements to the Debtor's satisfaction:

a.      Identity of Bidder.  The Qualified Bidder must discloses the identity of the bidder, including without limitation the identity of the equity holders and sponsors of the bidder; provided, however, that if the bidder is a publicly traded company the equity of such bidder need not be disclosed.

b.      Bid Price.  The initial bid price must equal or exceed $300,000.00.

c.      Assets and Liabilities.  The bid must provide for the purchase of all of the assets to be purchased and state what liabilities, if any, will be assumed.

d.      Financing.  The Qualified Bidder must provide evidence to the Debtor's satisfaction, in consultation with its Professional and the Trustee, of the Qualified Bidder's financial ability to consummate the transactions contemplated by the bid.

e.      Corporate Authority.  The Qualified Bidder must provide written evidence to the Debtor's satisfaction, in consultation with its Professional and the Trustee, of the

authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and consummation of the sale.

   f. <u>Executory Contracts and Unexpired Leases</u>.  The Qualified Bidder must include evidence of its ability to comply with § 365 of the Bankruptcy Code (to the extent applicable), including providing adequate assurance of its ability to perform in the future the Debtor's obligations under the Assigned Contracts, in a form that will permit the immediate dissemination of such evidence to the counterparties to such Assigned Contracts.

   g. <u>Irrevocable</u>.  The bid must be irrevocable until five (5) business days after the Sale Hearing, provided that if such bid is accepted as the Successful Bid or the Backup Bid (each as defined herein), such bid shall continue to remain irrevocable, subject to the terms and conditions of these Sale Procedures.

   h. <u>Due Diligence</u>.  The Qualified Bidder must acknowledge and represent that it:  (a) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its offer; (b) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Assets or the completeness of any information provided in connection therewith or the Auction; and (c) is not entitled to any expense reimbursement or similar type of payment.

   i. <u>Earnest Money Deposit</u>.  The Qualified Bidder must include an earnest money deposit in the amount of Twenty Thousand Dollars ($20,000.00) (the "Earnest Money Deposit") in the form of a credit card hold by Alex Cooper Auctioneers.

   j. <u>Contingencies</u>.  The bid cannot be conditioned on obtaining financing, zoning, environmental, any internal approvals or credit committee approvals, or on the outcome or review of unperformed due diligence, other than approval of the sale by the Bankruptcy Court.

   k. <u>Closing Date</u>:  The Qualified Bider must include a commitment to close the sales transaction within forty-five (45) days of the Bankruptcy Court's order ratifying the sale.

   13. The Debtor reserves the right to reject any offer on any grounds in consultation with its Professional and the Trustee.  Notwithstanding anything contained herein to the contrary, the Debtor in its discretion, in consultation with its Professional and the Trustee, may allow a Potential Bidder whose has failed to meet the requirements of a Qualified Bidder additional time to cure any deficiencies, provided that such deficiencies are cured prior to the start of the Auction.  Between the Qualification Deadline and the Auction, the Debtor may negotiate with or seek clarification from Qualified Bidders.  Each Qualified Bidder shall promptly provide to the Debtor any information reasonably required in connection with the evaluation of its bid.  Without the consent of the Debtor, in consultation with its Professional and

the Trustee, a Qualified Bidder may not amend, modify, or withdraw its bid, except to increase the purchase price or otherwise improve the terms of the bid (from the Debtor's perspective), during the period that such bid is required to remain irrevocable and binding.

## **<u>AUCTION</u>**

14.     The Auction shall be conducted on August 10, 2022 at 10:00 a.m. (prevailing Eastern time) broadcasted online by Alex Cooper Auctioneers, and continue thereafter until bidding is concluded.

15.     By submitting a bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or with the Auction, except as expressly stated in these Sale Procedures.

16.     Except as otherwise determined by the Debtor in consultation with its Professional and the Trustee, only (i) the Debtor and its Professionals, (ii) the Debtor's secured creditors, including Sandy Spring Bank, (iii) the Trustee, (iv) the Office of the United States Trustee for the District of Maryland, (v) any other Qualified Bidders, (vi) any creditor of the Debtor that at least five (5) business days prior to the Auction delivers to Debtor's counsel (by mail or email at the address or email address identified hereinabove) a written request to attend the Auction, (vii) Hill Management Services, Inc., and (viii)  the respective professionals of the foregoing, shall be entitled to attend the Auction; provided that (a) the Debtor reserves the right to object to any request to attend the Auction made by the creditor pursuant to clause (vi) immediately above, and (b) if the Debtor and such creditor are unable to consensually resolve such objection promptly, the Debtor shall seek a teleconference with the Bankruptcy Court prior to the Auction to adjudicate such objection.  Only Qualified Bidders are eligible to participate in the Auction.

17.     The Auction shall be governed by the following procedures:

a.      On or before 6 p.m. (prevailing Eastern time) on the date of the Qualification Deadline, the Debtor will notify each Qualified Bidder that it has qualified to participate in the Auction.

b.      The Debtor, in consultation with its Professional and the Trustee, may conduct the Auction, in the manner that the Debtor determines, in its reasonable business judgment, will result in the Successful Bid that will maximize the overall value of the Assets to the Debtor's estate, and may adopt and modify rules for the Auction at the Auction that, in the Debtor's reasonable business judgment, in consultation with its Professional and the Trustee, will better promote the goals of the Auction and that are not materially inconsistent with any of the provisions of the Sale Procedures Order, the Bankruptcy Code or any order of the Bankruptcy Court.  All such rules will provide that: (i) the Auction procedures must be fairly and evenly administered, and not intended to cause any participating Qualified Bidder to be disadvantaged in any material way with respect to the process as compared to any other participating Qualified Bidder; (ii)  all participating Qualified Bidders (or their authorized representative) shall be entitled to be present for all bidding and that all material terms of each bid will be fully disclosed to all other Qualified Bidders throughout the entire Auction; and (iii) each Qualified Bidder will be permitted to what the Debtor determines to be an appropriate amount of time to respond to the previous bid at the Auction.

c.      The Debtor will arrange for the actual bidding at the Auction to be recorded by any means that it deems appropriate.

d.      Qualified Bidders are precluded from engaging in any collusion regarding these Bid Procedures, the Auction, or any proposed transaction relating to the Assets or a portion thereof and will be expected to affirm at the Auction that no such collusion has taken place to participate in the bidding.

e.      The Auction will begin with the opening bid of at least $300,000.00.  After the initial round of bidding, the Auction may continue, in the discretion of the Debtor in consultation with its Professional and the Trustee, with one or more subsequent rounds of bidding.  The initial minimum overbid shall be $10,000.00.

f.      All Qualified Bidders shall have the right, at any time, to view the then-current highest or otherwise best bid (as displayed on the Alex Cooper Auctioneer's website).

g.      Pursuant to Alex Cooper Auctioneer's standard practices and procedures (and the Application to employ Alex Cooper Auctioneers) a "buyer's premium" of 6% of the Qualified Bidder's bid will be added automatically to such bid and will be paid (as compensation) to Alex Cooper Auctioneers.

h.      No Qualified Bidder shall have the right to propose modifications to its agreement at the Auction.  Each incremental bid shall only be a modification to such Qualified Bidder's proposed purchase price.  Any overbid must remain open and binding on the Qualified Bidder.  At the Debtor's discretion, to the extent not previously provided, a Qualified Bidder submitting an overbid at the Auction must submit, as part of its overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor) reasonably demonstrating such Qualified Bidder's ability to close the transaction proposed by such overbid.

i.      Upon conclusion of the bidding, the Auction shall be closed subject to the terms contained in these Sale Procedures, and except as otherwise provided for herein, the Debtor shall, as soon as practicable thereafter, and in consultation with its Professional and the Trustee, identify and determine in its reasonable business judgment the highest or otherwise best bid for the Assets (the "Successful Bid" and the entity or entities submitting such Successful Bid, the "Successful Bidder").  In making this determination, the factors that the Debtor may consider include, without limitation, the amount of the purchase price, the assets subject to the agreement, the form of consideration offered, the Qualified Bidder's ability to close a transaction and the timing thereof, the type, nature and terms of the agreement, and the net benefit to the Debtor's estate.  The Debtor will also consult with Counterparties to the Assigned Contracts with respect to the ability of each Qualified Bidder to satisfy the requirements of § 365 of the Bankruptcy Code.  The Debtor will advise the Qualified Bidders of the conclusions they reach, and the Successful Bidder shall deliver its agreement.

j.      In addition, the Debtor shall determine, in consultation with its Professional and the Trustee, which bid, if any, is the next highest or otherwise best bid and designate such bid as the "Backup Bid" which shall proceed to closing in the event the Successful Bidder fails to consummate the Successful Bid.  A Qualified Bidder that submits the bid that is designated as the Backup Bid is the "Backup Bidder." The Backup Bidder shall be required to keep the Backup Bid open and irrevocable until the earlier of: (i) 72 hours after the closing of the transaction with the Successful Bidder; and (ii) 30 days after entry of an order approving the sale to the Successful Bidder (the "Sale Order").

k.      The Successful Bidder and Backup Bidder each shall increase its respective Earnest Money Deposit within one (1) business day after the conclusion of the Auction so that the amount of the Earnest Money Deposit is equal to ten percent (10%) of its final cash purchase price set forth in its Successful Bid or Backup Bid, as applicable.  The additional Earnest Money Deposit shall be wired to Alex Cooper Auctioneers.

l.      At the conclusion of the Auction, all key terms of the Successful Bid and the Backup Bid shall be recited on the record to ensure the accuracy thereof and to aid in the final documentation of the sale.

m.      The Debtor shall not consider any bids submitted after the conclusion of the Auction.

n.      All Qualified Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, and the construction and enforcement of the Successful Bid, as applicable.

## SALE HEARING

18.     The Sale Hearing will be held on August 17, 2022 at 2:00 p.m., by videoconference or teleconference.  The Debtor, in consultation with its Professional and the Trustee, may adjourn or continue the Sale Hearing from time to time without further notice to parties in interest other than by announcement of the adjournment in open court or on the Bankruptcy Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

At the Sale Hearing, the Debtor shall present the results of the Auction, if applicable, to the Bankruptcy Court and seek approval for the Successful Bid and the Backup Bid.

19.     If a Successful Bidder fails to consummate a purchase in accordance with the Successful Bid, the Backup Bidder shall be designated the Successful Bidder and the Debtor shall be authorized to affect such transaction without further order of the Bankruptcy Court.  The Successful Bidder and Backup Bidder, if any, should be represented by counsel at the Sale Hearing.

20.     Additionally, any and all objections to the result of the Auction and sale of the Assets, including, without limitation any objections: (1) to the sale of the Debtor's Assets free and clear of Interests; and/or (2) to the assumption and assignment of the Assigned Contracts shall be heard and determined at the Sale Hearing.

## CONSUMMATION OF THE PURCHASE

A.     <u>Application of Earnest Money Deposit</u>

21.     If the Successful Bidder consummates the proposed sale on the terms and conditions of the Successful Bid, the Earnest Money Deposit of such Successful Bidder will be applied to the purchase price at closing and the Earnest Money Deposit of the Backup Bidder shall be returned to the Backup Bidder.

22.     If the Successful Bidder fails to consummate the proposed sale on the terms and conditions of the Successful Bid, breaches the terms and conditions of the Successful Bid, or otherwise fails to perform its obligations hereunder or thereunder, other than as a result of a material default by the Debtor, the Debtor may, in consultation with its Professional and the Trustee, and without further order of the Bankruptcy Court, deem the Successful Bidder to be a "Defaulting Buyer," at which time the Successful Bid shall be deemed rejected.

23.     A Defaulting Buyer automatically forfeits its Earnest Money Deposit and any right to the Bid Protections, if applicable.

B.     <u>Backup Purchase</u>

24.     Upon a determination by the Debtor, in consultation with its Professional and the Trustee, that the Successful Bidder is a Defaulting Buyer, the Debtor will be authorized,

but not required, to consummate a sale with a Backup Bidder on the terms and conditions of the Backup Bid without further order of the Bankruptcy Court, provided that the Bankruptcy Court approved such Backup Bid at the Sale Hearing.

25.     If a Backup Bidder consummates a sale on the terms and conditions of the Backup Bid, the Earnest Money Deposit of such Backup Bidder will be applied to the purchase price at closing.  On an as-needed basis, the Debtor, in consultation with its Professional and the Trustee, shall determine an alternative closing date for the Backup Bid.  In the event that the Debtor seeks to consummate a sale on the terms and conditions of a Backup Bid with a Backup Bidder and such Backup Bidder fails to consummate such sale on or before the alternative closing date, breaches its Backup Bid, or otherwise fails to perform, other than as a result of a material default by the Debtor, the Debtor may, in its business judgment, and without further order of the Bankruptcy Court, deem such Backup Bidder to be a Defaulting Buyer and pursue the same remedies set forth hereinabove with respect thereto (including, but not limited to, retaining and applying the Backup Bidder's Earnest Money Deposit as part of the Debtor's damages resulting from the breach or failure to perform by the Backup Bidder).

C.     <u>Return of Earnest Money Deposits</u>

26.     Earnest Money Deposits shall be held in escrow with Alex Cooper Auctioneers or any other account acceptable to Debtor in consultation with its Professional and the Trustee.  Except for the Successful Bidder and the Backup Bidder, Alex Cooper Auctioneers shall return the Earnest Money Deposits of all unsuccessful Qualified Bidders no later than three (3) business days after the close of the Auction.

27.     The Earnest Money Deposits of the Successful Bidder and the Backup Bidder, if any, shall be treated pursuant to the terms set forth hereinabove.

## **MODIFICATIONS**

28.     The Debtor, in consultation with its Professional and the Trustee, shall have the right to modify these Bid Procedures without Bankruptcy Court approval if the Debtor believes in its reasonable business judgment that such modification could help maximize the

consideration received for the Assets and is not inconsistent with any of the provisions of the Bankruptcy Code or any order of the Bankruptcy Court, including the Sale Procedures Order.

## **MISCELLANEOUS**

29.    The Bid Procedures are solely for the benefit of the Debtor and Qualified Bidders and nothing contained in the Sale Procedures Order or the Sale Procedures shall create any rights in any other person or bidder (including, without limitation, rights as third-party beneficiaries or otherwise) other than the rights expressly granted to a Successful Bidder under the Sale Procedures Order.

**[END OF SALE PROCEDURES]**