IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| LOGOS, INC., | * | Case No. 22-12491 DER |
| Debtor. | * | (Chapter 11, Subchapter V) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF AMENDMENT TO SCHEDULES

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 1007 and 1009, Logos, Inc. ("Debtor") has amended the following bankruptcy schedules (the "Schedules") as set forth in Exhibit 1 attached hereto being:

1. Form 202 – Declaration Under Penalty of Perjury for Non-Individual Debtors
2. Schedule E/F – Creditors Who Have Unsecured Claims;

1. The amount listed by the Debtor as owed to BG&E is being reduced to $0 because the electric bill is contracted with one of the Debtor's insiders, Koros, LLC and not the Debtor.

The Debtor is also certifying that the amendment to the Debtor's Schedules to change the amount, nature, classification or characterization of a debt owing to a creditor is hereby sent to the Debtor's affected creditors and parties-in-interests and the Debtor hereby gives notice that **THE CLAIMS BEING AMENDED, AND PROVIDE NOTICE OF THE CREDITOR'S RIGHT TO FILE A PROOF OF CLAIM BY THE LATER OF: (I) THE BAR DATE (IF ANY); OR (II) EITHER (A) THIRTY (30) DAYS FROM THE DATE OF NOTICE IN A CASE PROCEEDING UNDER SUBCHAPTER V; OR (B) SIXTY (60) DAYS FROM THE DATE OF THE NOTICE IN ALL OTHER CASES IN CHAPTER 9 AND CHAPTER 11.**

{00249508.DOCX.1}

**Summary**

**PLEASE TAKE FURTHER NOTICE THAT CERTAIN OF THESE AMENDMENTS MAY AFFECT THE AMOUNT, CLASSIFICATION, AND/OR PRIORITY OF ANY CLAIM YOU MAY HAVE AGAINST THE DEBTOR.** You should carefully review the amended Schedules, and consult with your attorney if you need assistance, to determine if you agree with the amended Schedules. If you agree with the amended Schedules, you do not need to do anything more at this time. If you believe that the amended Schedules are incorrect with respect to any claim you believe you hold, you are advised to consult with an attorney to determine your rights. If you have previously filed a timely and proper Proof of Claim, then you do not need to file another Proof of Claim.

Respectfully submitted:

/s/ Robert B. Scarlett
Robert B. Scarlett
Federal Trial Number 01424

SCARLETT & CROLL, P.A.
201 N. Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 468-3100
RScarlett@scarlettcroll.com

Attorneys for the Debtor

**Certification of Debtor**

I HEREBY DECLARE, under penalty of perjury, that the attached Amendment of Schedules is true and correct to the best of my knowledge, personal information, and belief.

Dated:  August 6, 2022                                         /s/ Mohammed Jadoo
                                                                   Mohammed Jadoo,
                                                                   Vice President of Logos, Inc.

## Certificate of Service

**I HEREBY CERTIFY** that on this 8th day of August, 2022, I caused a copy of the foregoing to be mailed by first class mail, postage prepaid or electronically delivered pursuant to CM/ECF:

**Electronic Mail Notice List** - Parties in the case only

- **Joshua D. Bradley**   jbradley@rosenbergmartin.com, smdenson@rosenbergmartin.com
- **Harris Eisenstein**   heisenstein@rosenbergmartin.com, tmckinley@rosenbergmartin.com
- **Lawrence A. Katz**   lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com
- **Katherine A. (UST) Levin**   Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov
- **Robert B. Scarlett**   RScarlett@ScarlettCroll.com, krynarzewski@scarlettcroll.com;scarlettrr64434@notify.bestcase.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV

**Email Manual Notice List:**

Sysco Baltimore, LLC
Atten: Jill Marshall, Credit Manager
Email: jill.marshall@sysco.com

Paul Weinblatt (paul@weinblattassociates.com)

Paul Cooper (paul@alexcooper.com)


First Class Mail, postage prepaid, to:

BG&E
110 W Fayette Street
Baltimore, MD 21201

Barbara Cherry, Esquire
Exelon
Assistant General Counsel
1310 Point St., 19th Floor
Baltimore MD 21231

Koros LLC
510 Market Place Drive
Bel Air, MD 21014

                                                                  <u>/s/Robert B. Scarlett</u>
                                                                  Robert B. Scarlett

# EXHIBIT 1
**(Amended Schedules)**

**Fill in this information to identify the case:**

Debtor name: **Logos, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MARYLAND

Case number (if known): **22-12491**

■ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 6, 2022**

X **/s/ Mohammed Jadoo**
Signature of individual signing on behalf of debtor

**Mohammed Jadoo**
Printed name

**Vice President**
Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Logos, Inc. |
| United States Bankruptcy Court for the: | DISTRICT OF MARYLAND |
| Case number (if known) | 22-12491 |

■ Check if this is an amended filing

Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims  12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ■ No. Go to Part 2.
    ☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  |  | **Amount of claim** |
|---|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>BG&E<br>110 W Fayette Street<br>Baltimore, MD 21201<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number  1000 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br><br>Basis for the claim:  **BG&E has a claim against Koros LLC for $84,841.03 and not against the Debtor or electricity.**<br><br>Is the claim subject to offset?  ■ No  ☐ Yes | $0.00 |

### Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

|  | **Name and mailing address** | **On which line in Part 1 or Part 2 is the related creditor (if any) listed?** | **Last 4 digits of account number, if any** |
|---|---|---|---|
| 4.1 | **Barbara Cherry, Esquire**<br>**Exelon**<br>**1310 Point Street, 19th Floor**<br>**Baltimore, MD 21231** | Line  3.1<br>☐ Not listed. Explain ____ | _ |
| 4.2 | **Koros LLC**<br>**510 Market Place Drive**<br>**Bel Air, MD 21014** | Line  3.1<br>☐ Not listed. Explain ____ | 1000 |

### Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. Total claims from Part 1 | 5a.  $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 0.00 |
| 5c. Total of Parts 1 and 2<br>     Lines 5a + 5b = 5c. | 5c.  $ | 0.00 |

Official Form 206E/F                Schedule E/F: Creditors Who Have Unsecured Claims                page 1 of 2

46974

Debtor  **Logos, Inc.**                                                              Case number (if known)    **22-12491**
Name

# United States Bankruptcy Court
## District of Maryland

In re **Logos, Inc.**  
Debtor(s)

Case No. **22-12491**  
Chapter **11**

# VERIFICATION OF CREDITOR MATRIX - AMENDED

I, the Vice President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: **August 6, 2022**

**/s/ Mohammed Jadoo**  
**Mohammed Jadoo**/**Vice President**  
Signer/Title

```
Barbara Cherry, Esquire
Exelon
1310 Point Street, 19th Floor
Baltimore, MD 21231


BG&E
110 W Fayette Street
Baltimore, MD 21201


Koros LLC
510 Market Place Drive
Bel Air, MD 21014
```

# EXHIBIT 2

**(Notice to New Creditors Pursuant to Rule 1009-1)**

**No new creditors are being added.**

{00249508.DOCX.1}



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| LOGOS INCORPORATED | * | Case No. 22-12491-DER |
| | * | Chapter 11 (Subchapter V) |
| Debtor. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### INITIAL SCHEDULING ORDER

The above-captioned debtor and debtor-in-possession (the "Debtor") has elected to proceed with this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1] The Court enters this Initial Scheduling Order to facilitate the efficient administration of this case and to ensure adequate and proper notice to all affected parties. Accordingly, for good cause appearing, IT IS ORDERED:

1. <u>Subchapter V Case</u>. Unless and until otherwise ordered by the Court, this case shall be governed by the provisions of Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and is currently operating its business as a debtor-in-possession under § 1184 of the Bankruptcy Code. Unless otherwise ordered by the Court, no committee of creditors or equity security holders will be appointed in this case by the United States Trustee pursuant to §1102(a) of the Bankruptcy Code.

2. <u>Debtor's Compliance with § 1116</u>. The Debtor shall comply with § 1116 of the Bankruptcy Code.[2]

3. <u>First Day Motions</u>. To the extent the Debtor requires an expedited hearing on cash collateral, debtor-in-possession financing, prepetition obligations to employees or vendors, or similar first-day relief, the Debtor may file a motion requesting that the Court shorten the objection deadline and set an emergency hearing on such matters pursuant to Local Bankruptcy Rule 9013-7 (the "Emergency Motion"). *The Debtor shall serve the substantive motions and the Emergency Motion on the trustee appointed in this case (the "Subchapter V Trustee") and all parties in interest.* The Court will set a hearing on such matters as soon

---

[1] Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.

[2] Although § 1181(a) of the Bankruptcy Code states that § 1116 is not applicable in a case under Subchapter V of Chapter 11, the various provisions of § 1116 are thereafter made applicable by § 1187(a) and § 1187(b).

4. Bar Date. Unless the Court sets a different date by separate order, the deadlines for parties in interest and governmental units[3] to file proofs of claim or interest in this case are stated in the Notice of Chapter 11 Case, Official Form 309F2.

as reasonably practicable under the circumstances of this case. The Debtor may use the form Emergency Motion available on the Court's website.

5. Service of Notice of Case by the Debtor. The Debtor shall serve notice of this case as required under Rule 2015(a)(4) of the Federal Rules of Bankruptcy Procedure on any entity known to be holding money or property subject to withdrawal or order of the Debtor within seven (7) days of the entry of this Order.

6. Objections to Designation. Any challenge to the Debtor's self-designation as a "small business debtor" under § 101(51D) of the Bankruptcy Code shall be filed with the Court and served on the Debtor, the Subchapter V Trustee, the United States Trustee, and all parties in interest on or before **June 13, 2022**.

7. Subchapter V Trustee Affidavit. The Subchapter V Trustee shall file with the Court and serve on the Debtor, the United States Trustee, and all parties in interest a declaration or affidavit that sets forth information concerning the Subchapter V Trustee's proposed compensation structure for services provided in connection with this case on or before **June 13, 2022**.

8. Debtor's § 1188(c) Report. The Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest the report required by § 1188(c) of the Bankruptcy Code on or before **June 13, 2022**. *The Debtor's report shall include a description of (i) the Debtor's business or commercial activities, (ii) the Debtor's efforts to formulate a Chapter 11 plan of reorganization, (iii) the Debtor's efforts to communicate with creditors regarding any such plan, and (iv) the Debtor's proposed monthly escrow payments to fund the payment of allowed administrative expenses in the case.[4] The Debtor may use the form report available on the Court's website.*

9. Preliminary Status Conference. The Debtor and the Subchapter V Trustee shall appear at a preliminary status conference before the Court on **June 27, 2022**, at **3:00 PM**, by video conference. Parties should contact Hearings_DER@mdb.uscourts.gov at least 2 business days prior to the scheduled hearing for instructions on how to participate in the hearing. The purpose of the preliminary status conference is to further the expeditious and economical resolution of this case. Other parties in interest may (but are not required to) appear and be heard at the preliminary status conference.

---

[3] The deadline for governmental units to file proofs of claim is governed by § 502(b)(9) of the Bankruptcy Code.

[4] The Debtor shall make the monthly escrow payments to the Subchapter V Trustee to be held in escrow pending further Order of the Court. The escrowed amounts shall be applied to the payment of allowed administrative expense claims in the case in accordance with the Bankruptcy Code. The Court will consider the monthly escrow payments proposed by the Debtor at the preliminary status conference under § 1188 of the Bankruptcy Code and enter an appropriate Order thereafter.

10. Plan of Reorganization. The Debtor shall file with the Court and serve on all parties in interest a plan of reorganization, as required by § 1189(b) of the Bankruptcy Code, on or before **August 7, 2022**. *Any request to extend this 90-day deadline must meet the requirements of § 1189(b) of the Bankruptcy Code[5] and be filed with the Court on or before* **July 8, 2022**. The Debtor may amend its plan of reorganization any time before the confirmation hearing in accordance with § 1193(a) of the Bankruptcy Code.

11. Additional Deadlines. The Court will set additional deadlines as and when appropriate to facilitate the efficient administration of this Chapter 11 case.

12. Service of Initial Scheduling Order by the Debtor. The Debtor shall serve a copy of this Order on the Subchapter V Trustee and all known creditors and parties in interest and file a certificate of service with the Court within seven (7) days of entry of this Order.

13. Applications for Compensation. For purposes of this case, the Subchapter V Trustee, counsel for the Debtor, and other professionals may use the abbreviated form of Application for Compensation under Subchapter V of Chapter 11 available on the Court's website. Subject to further order of the Court, such applications shall be presumed to comply with Local Bankruptcy Rule 2016-1(a) and this Court's Compensation Guidelines (Appendix D to the Local Bankruptcy Rules). In the event an objection to such an application is filed, the applicant shall file a supplemental memorandum within 14 days that addresses in greater detail the factual and legal issues raised in the objection.

cc: Debtor
Debtor's Counsel

**End of Order**

---

[5] Under § 1189(b), the Court may extend the 90-day time period only "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."

3

# EXHIBIT 3
**(Additional Creditor Matrix)**

{00249508.DOCX.1}

# United States Bankruptcy Court
### District of Maryland

In re **Logos, Inc.**   Case No. **22-12491**
Debtor(s)   Chapter **11**

## VERIFICATION OF CREDITOR MATRIX - AMENDED

I, the Vice President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: **August 6, 2022**   **/s/ Mohammed Jadoo**
**Mohammed Jadoo**/**Vice President**
Signer/Title

Barbara Cherry, Esquire
Exelon
1310 Point Street, 19th Floor
Baltimore, MD 21231


BG&E
110 W Fayette Street
Baltimore, MD 21201


Koros LLC
510 Market Place Drive
Bel Air, MD 21014