IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:

**Logos, Inc.**

Debtor.

Case No. 22-12491-DER
(Chapter 11 – Subchapter V)

## THE UNITED STATES TRUSTEE'S
## MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE

John P. Fitzgerald, III, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or dismissing the above-referenced case.

In support thereof, the United States Trustee represents as follows:

## BACKGROUND

1. On May 9, 2022, Logos, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code asserting that it was a small business debtor as defined by 11 U.S.C. § 101(51D) and electing to proceed under Subchapter V of Chapter 11. Doc. 1.

2. Debtor operated a restaurant at a single location in Bel Air, Maryland (the "Premises"), but, during the course of the proceedings of this case, operations ceased. *See*, Docs. 9 and 52.

3. In November, 2022, an order providing relief from the automatic stay was issued to the owner of the Premises. Doc. 106.

4. On information and belief, Debtor has been dispossessed of the Premises.

5. Debtor filed a motion to sell assets, but did not consummate any sale. Docs. 52, 109.

6. Debtor has been denied use of its cash collateral. Doc. 110.

7. Debtor has not filed a monthly operating report since the report for July, 2022. Reports are past due for August, 2022 – January, 2023.

8. Although Debtor filed a Plan (Doc. 79), Debtor stated through a number of motions to enlarge time to file objections and status conferences, that significant plan amendments were or could be required and Debtor never sought confirmation of its proposed plan. See, Docs. 87, 88, 96.

## ARGUMENT

**A.     Legal Framework**

9. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

10. In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate. The interest of the debtor is

not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

11. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal, or the appointment of a trustee only by showing:

> i. "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";
>
> ii. a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> iii. the grounds for converting or dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

12. The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required, and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

**Failure to File Monthly Operating Reports.**

13. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file Monthly Operating Reports with the court and the United States Trustee on a monthly basis.

14. The failure to file Monthly Operating Reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter"). As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something." They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process." It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

15. Debtor has failed to file monthly operating reports for August, 2022 – January, 2023.

**Failure to File a Confirmable Plan in a Reasonable Time**

16. In addition, Debtor has failed to file a confirmable plan within a reasonable period of time, to the detriment of its creditors.

17. A Subchapter V Debtor, absent a granted extension, shall file a plan not later than 90 days after the order for relief. 11 U.S.C. § 1189.

18. Debtor's plan was due, absent extension, on August 8, 2022.

19. Debtor filed its first plan on August 8, 2022. Doc. 79.

20. Debtor's plan was to be funded from proceeds of an auction sale. Doc. 79 Exhibit 8.

21. As stated above, Debtor did not consummate any sale. Doc. 109.

22. Debtor has neither proposed an alternate means of plan funding nor filed an amended plan.

23. The failure to file a confirmable plan within a reasonable time constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D.Md. 1992).

**Local Rule 9013 Statements**

24. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

25. The United States Trustee consents to entry of final orders and judgments by the Bankruptcy Judge in this matter, as provided in Local Rule 9013-6.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case; and

(3) Granting such other and further relief as is just and proper.

Dated: March 17, 2023

          Respectfully submitted,

          John P. Fitzgerald, III,
          Acting United States Trustee for Region Four

          By: */s/ Katherine A. Levin*
          Katherine A. Levin
          Fed. Bar No.: 10916
          United State Department of Justice
          101 West Lombard Street
          Baltimore, Maryland 21201
          (410) 962-4300
          E-mail:  katherine.a.levin@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2023, a copy of the foregoing Motion to Convert to Chapter 7 or to Dismiss was sent via first class mail, postage prepaid to:

Logos, Inc.
c/o Mohammed Jadoo, Vice President
510 Market Place Drive
Bel Air, MD  22014

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- **Nathan D. Adler**   nda@nqgrg.com, terry@nqgrg.com
- **Joshua D. Bradley**   jbradley@rosenbergmartin.com, smdenson@rosenbergmartin.com

- **Diane C. Bristow**   dcb@nqgrg.com, Phyllis@nqgrg.com
- **Harris Eisenstein**   heisenstein@rosenbergmartin.com, tmckinley@rosenbergmartin.com
- **Jeffrey Greenberg**   jgreenberg@rosenbergmartin.com, smdenson@rosenbergmartin.com
- **Lawrence A. Katz**   lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com
- **Katherine A. (UST) Levin**   Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov
- **Robert B. Scarlett**   RScarlett@ScarlettCroll.com, krynarzewski@scarlettcroll.com;scarlettrr64434@notify.bestcase.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV

           */s/ Katherine A. Levin*
           Katherine A. Levin